IN
THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                                NO. AP-75,207



 

 

                              EX
PARTE JOSÉ ERNESTO MEDELLÍN, Appellant

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS 

CAUSE NO. 675430 FROM THE 339TH DISTRICT
COURT

OF HARRIS COUNTY



 

 

Hervey,
J., filed a concurring opinion. 

 

CONCURRING OPINION

 

This
international cause célèbre centers around this applicant who makes no
claim that he did not brutally rape and murder 
two teenage girls (ages 14 and 16) with fellow gang members over 13
years ago in the summer of 1993.  The
evidence from applicant=s
1994 trial shows that he boasted about his active participation in these
crimes.  He bragged about how he sexually
assaulted the two victims.  He related
that he put his foot on the throat of one of the girls because he was having
difficulty strangling her with a shoelace and she would not die.  The girls were unrecognizable when their
bodies were found.








This
case has dragged on for an amount of time equal to almost the entirety of the
lives of these two girls.  For many
years, in both state and federal courts, applicant has received the almost
unparalleled due process protections afforded by our country=s laws. 
Now, from half-way around the world, the International Court of Justice
in its Avena decision has ordered our state courts to review applicant=s Article 36 Vienna Convention claim
which applicant did not even raise until his first state habeas
application.  The President of the United
States has made a similar request.

But,
all of this is really much ado about nothing because applicant received
essentially the review mandated by the Avena decision during his initial
state habeas corpus proceeding.[1]  The Court=s
60 plus page opinion disposing of applicant=s
current successive habeas corpus application provides applicant with much more
than he deserves and is also consistent with the President=s unprecedented memorandum expressing
the United States= intent
to discharge its international obligations under Avena Aby having State courts give effect to
the [Avena] decision in accordance with general principles of comity.@ 
The Court=s opinion
in this proceeding affords the Avena decision all the Arespectful consideration@ that it deserves Ain accordance with general principles
of comity.@








Finally,
applicant is by no means a stranger in a strange land.  He has lived in this country and enjoyed its
benefits since he was three-years old. 
From the record, it appears that he is fluent in English.  Other than his surname, there is nothing to
suggest that he is anything other than native-born.  Indeed, he did not bother telling the police
of his non-citizenship.  And the
constitutional rights available to all accused persons in American courts are
his, as well.  According to the record,
they were scrupulously protected.

Nevertheless,
applicant maintains that the lack of intentional, reckless, or negligent
wrongdoing by the State (other than, perhaps, the lack of clairvoyance), and
despite his non-assertion of any privilege or immunity, he is entitled to an
immunity heretofore not afforded to any citizen or nonresident under Texas or
Federal lawBimmunity
from procedural default.  He argues that
he has this immunity simply because he happened to be born on foreign soil
approximately 28 years ago and, for whatever reason, has elected not to apply
for United States citizenship.

With
these comments, I join the Court=s
opinion.

 

Hervey, J.

 

 

Filed: November 15, 2006

Publish











[1]

See, e.g., Amicus Brief of the Criminal Justice Legal Foundation at
5 (question of whether the Texas courts are required to comply with Avena
decision is moot because applicant has already received the adjudication to
which Avena says he is entitled).